# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Estate of Peggy Campbell by her Administrator Ad Prosequendum Anthony Campbell and Anthony Campbell, <br><br> Plaintiffs, <br><br> v. <br><br> United States, et. al., <br><br> Defendants. | Hon. Joseph H. Rodriguez <br><br> Civil Action No. 18-17819 <br><br> **<u>Opinion</u>** |

These matters come before the Court upon the motion of the United States of America ("Government") to Dismiss the Complaint for Lack of Subject Matter Jurisdiction and on Plaintiffs' Cross Motion to Deem Tort Claims Notice Timely Filed. The Court has considered the written submissions of the parties, without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Government's motion is granted and Plaintiffs' motion is denied.

## I. <u>Background & Procedural History</u>

This case has a long procedural history in both the state and federal courts and the present dispute marks the second time the underlying facts of this case have been before this Court. This case was originally filed in the

1

Superior Court of New Jersey on April 23, 2013. Then, it was removed to this Court and assigned civil action number 15-7677, remanded, the remand order was appealed and affirmed, then the matter was removed again to this Court on December 31, 2018 and assigned the present civil action number 18-17819. The Court reiterates relevant portions of its Opinion granting remand in Estate of Campbell v. South Jersey Medical Ctr., No. 15-7677, 2016 WL 7377101 (D.N.J. Dec. 20, 2016), aff'd 732 F. App'x 113 (3d Cir. 2018) for the benefit of the reader.

This is a medical malpractice action. Former Defendant Hassan Frinjari is a physician who practices obstetrics and gynecology. During the relevant time period, he was employed by Community Health Care, Inc. ("CompleteCare"), which is a community "health center" receiving grant funds under Section 330 of the Public Health Service (PHS) Act (which is codified at 42 U.S.C. § 254b) and is a deemed PHS employee. Pursuant to the PHS Act, Dr. Frinjari was a federal employee at the time of the alleged malpractice against Plaintiffs' decedent and, therefore, alleged that he could not be sued as a proper Defendant invoking immunity under the Federal Tort Claims Act, 28 U.S.C. § 233; he alleged that the proper defendant in the action must be the United States. United States v. Mitchell, 445 U.S.

535, 538 (1980) ("The United States, as sovereign, is immune from suit save as it consents to be sued[.]")

Plaintiffs are the Estate of Peggy Campbell, Administrator Ad Prosequendum Anthony Campbell and Anthony.  The Complaint alleges medical and/or professional malpractice against numerous medical professionals and a medical facility in the course of treatment and surgery for Plaintiffs' Decedent, Peggy Campbell.

After the original filing of this matter in the Superior Court of New Jersey, for a number of reasons, Defendant Dr. Frinjari did not file an answer and a default judgment was entered against him.  After the entry of the default judgment, Dr. Frinjari removed this matter to this Court on the basis of his immunity as a PHS employee, pursuant to the Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA"), 42 U.S.C. § 233(c) and (g).  The FSHCAA permits the Secretary of the U.S. Department of Health and Human Services (HHS) to extend to federally-funded health center employees, inter alia, Section 233(a) protection.  Section 233 (a) protection immunizes federal employees "for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." Hui v. Castaneda, 559 U.S. 799, 806 (2010) (emphasis added).

3

The issue, however, was that Defendant Dr. Frinjari untimely sought and was therefore ultimately denied immunity. See 42 U.S.C. §§ 233(a) and (g). Dr. Frinjari removed that matter- after the entry of a default money judgment against him personally and without notice to the Attorney General, pursuant to 42 U.S.C. §233 (b), and/or the substitution of the United States as the party defendant. See 42 U.S.C. § 233(l)(2), and 28 U.S.C. § 2679(d)(3). Specifically, because Dr. Frinjari failed to provide timely notice alerting the Attorney General of Plaintiffs' lawsuit against him, the United States never substituted itself as the proper defendant.[1] This Court found, and the Third Circuit affirmed, that Dr. Frinjari's removal was imprudent and the case was remanded to the Superior Court of New Jersey. Dr. Frinjari unsuccessfully appealed this Court's Order.

On remand, the New Jersey Superior Court vacated the default judgment against Dr. Frinjari. Defendants then filed a notice of removal on December 31, 2018. On January 7, 2019, the Government certified that Dr. Frinjari was acting in the scope of a federal employee at the time of the alleged malpractice, pursuant to 42 U.S.C. 233(c) and 28 C.F.R. 15.4, and

---

[1] Once notified, the Attorney General has a nondiscretionary duty to appear in court within 15 days of notice of the lawsuit to report whether the "Secretary has determined under subsections (g) and (h) of [Section 233], that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." Id. at § 233(l)(1).

then substituted itself in place of Dr. Frinjari as the proper Defendant. Plaintiffs filed an administrative claim under the FTCA on or about March 13, 2019. Now, the Government moves to dismiss this action pursuant to Fed. R. Civ. P. 12 (b) (1) on the ground that Plaintiffs have failed to exhaust their administrative remedies pursuant to the Federal Tort Claims Act (FTCA) 42 U.S.C. §233.

## II. **Standard of Review**

Federal Rule of Civil Procedure 12 governs a court's decision to dismiss a claim based on the pleadings. See Fed. R. Civ. P. 12. More specifically, Federal Rule of Civil Procedure 12(b)(1) governs a court's decision to dismiss a claim for "lack of subject matter jurisdiction" and Federal Rule of Civil Procedure 12(b)(6) governs a court's decision to dismiss a claim for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

### 1. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a case for lack of subject matter jurisdiction. A defendant may contest subject matter jurisdiction by attacking the face of the complaint (i.e., a facial attack) or by attacking "the existence of subject matter jurisdiction in

fact, quite apart from any pleadings" (i.e., a factual attack).  Mortensen v.
First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); Schwartz v.
Medicare, 832 F. Supp. 782, 787 (D.N.J. 1993); Donio v. United States, 746
F. Supp. 500, 504 (D.N.J. 1990).  A facial attack "contest[s] the sufficiency
of the pleadings." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257
(3d Cir. 2009) (citation omitted).  On a facial attack, the court must read
the complaint in the light most favorable to the plaintiff and consider the
allegations of the complaint as true. Mortensen, 549 F.2d at 891.

Under a factual attack, a court is not confined to the pleadings but may weigh and consider evidence outside the pleadings, including affidavits, depositions, and exhibits to satisfy itself that it has jurisdiction. Id.; Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997) (stating that court can consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction).  This is because on a factual motion to dismiss for lack of subject matter jurisdiction, the court's very power to hear the case is at issue. Mortensen, 549 F.2d at 891; Gotha, 115 F.3d at 179. Moreover, on a factual attack, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not

6

preclude the trial court from evaluating for itself the merits of the jurisdictional claim. Mortensen, 549 F.2d at 891.

Regardless of which approach is used, a plaintiff has the burden of proving that jurisdiction exists. Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009) (citing Carpet Grp. Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000)); Mortensen, 549 F.2d at 891. "The court may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." Iwanowa v. Ford Motor Co., 67 F. Supp. 2d 424, 438 (D.N.J. 1999) (citations omitted).

If the court finds that it lacks subject matter jurisdiction, it must dismiss the action under Rule 12(h)(3). See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### 2. **Federal Tort Claims Act**

The Government moves to dismiss the case for lack of subject matter jurisdiction because Plaintiff failed to present an administrative tort claim prior to filing this lawsuit. The FTCA is a limited waiver of the sovereign

immunity of the United States and confers District Courts with exclusive jurisdiction over suits against the United States. 28 U.S.C. § 1346(b).

To make a claim under the FTCA, a claimant first must file her claim with the administrative agency allegedly responsible for her injuries, here United States Department of Health and Human Services ("HHS"). 28 U.S.C. § 2675(a

"[A]n action against the United States under the FTCA is the exclusive remedy for persons alleging 'personal injury, including death, resulting from the performance of medical . . . or related functions' by Public Health Service employees acting within the scope of their employment. 42 U.S.C. § 233(a); see also 42 U.S.C. § 233(g)(1)(A) (reiterating subsection 233(a)'s exclusivity clause)." Lomando v. United States, 667 F.3d 363, 371-72 (3d Cir. 2011). The FTCA requires a claimant to exhaust administrative remedies before bringing suit against the United States and provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss or property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Section 2675(a) requires "complete exhaustion of Executive remedies before invocation of the judicial process." McNeil v. United States, 508 U.S. 106, 112 (1993); see also id. at 113 (holding "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). "No claim can be brought under the FTCA unless the plaintiff first presents the claims to the appropriate federal agency and the agency renders a final decision on the claim." Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015).

Failure to file the predicate administrative claim divests the court of subject matter jurisdiction. F.D.I.C. v. Meyer, 510 U.S. 471, 474 (1994); Calderon v. United States Dep't of Agric., 756 F. Supp. 181, 183 (D.N.J. 1990). Thus, compliance with the FTCA statutory prerequisites is mandatory because the requirements are jurisdictional and cannot be waived. McNeil v. United States Postal Serv., 508 U.S. at 111-13; Roma v. United States, 344 F.3d 352, 356 (3d Cir. 2003); see also 28 U.S.C. § 2675(a).

## III. Analysis

The parties agree that Plaintiffs failed to submit an administrative claim to HHS *prior* to filing this lawsuit in 2013. The administrative claim was filed on March 12, 2019, after this case was removed to this Court and shortly after Dr. Frinjari was deemed a federal employee and the Government substituted itself in place of Dr. Frinjari as the proper defendant in this action. According to Plaintiffs, the Government's consistent refusal, until recently, to certify Dr. Frinjari as a federal employee negated any obligation to file the administrative claim with HHS. In addition, Plaintiffs claim that Dr. Frinjari waived his FTCA affirmative defenses by failing to plead them. Finally, Plaintiffs argue that dismissal of the Complaint on this basis would not serve the intent of the administrative filing rule and result in an abject injustice to Plaintiffs' claims. Plaintiffs cross move to have the Tort Claims Notice deemed timely filed and invoke the Order of the Superior Court of New Jersey which vacated the default judgment against Dr. Frinjari and stated the following:

> This court will condition vacation of the judgment with the grant of extensions of the statute of limitations and affidavit of merit as they pertain to Dr. Frinjari. Indeed, Dr. Frinjari should have no entitlement to protection from time requirements which were deemed tolled as of September 2013 in order to allow the Plaintiff to proceed with its proofs as though the case were in effect as of that date.

Ex. 1 at 7-8.

The Court agrees with Plaintiffs that dismissal of this action for failure to timely file the administrative claim is a harsh result. The Court is, however, constrained to dismiss the action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (h) (3). Unfortunately, none of Plaintiffs' arguments can change that result and Plaintiffs fail to cite to any compelling authority in support of the cross motion.

First, Dr. Frinjari's alleged failure to affirmatively plead his immunity does not remedy the failure to timely file the administrative claim. Subject matter jurisdiction cannot be waived and can be raised at any point in a litigation. <u>Brown v. Philadelphia Hous. Auth.</u>, 350 F.3d 338, 346-47 (3d Cir. 2003). In addition, Dr. Frinjari is no longer a defendant in this action and his alleged procedural pleading deficiency is not relevant to the Court's jurisdiction. <u>Id.</u> Second, Plaintiffs incorrectly characterize the Government's position with respect to Dr. Frinjari's status as a federal employee. At issue in the previous hearing, Civil Action No. 15-7677, was whether Dr. Frinjari timely sought such immunity, because he did not seek it until *after* a default judgment had been entered against him. The Government did not disagree that Dr. Frinjari should be afforded such protections; rather, the issue was that the Government could not bestow

them post-judgment. Once the default judgment was vacated, the Government invoked the protections afforded to Dr. Frinjari under the PHS. Plaintiffs' attempt to argue underhandedness by the Government is not compelling.

Finally, given that the Court lacks subject matter jurisdiction over this matter, it cannot consider Plaintiffs' cross motion to consider the administrative claim as timely filed. Moreover, the Order of the Superior Court of New Jersey vacating default judgment and placing conditions on Dr. Frinjari does not bind the Government and does not, and cannot, cure this Court's lack of subject matter jurisdiction. The district court has original jurisdiction over FTCA claims pursuant to 28 U.S.C. § 1346 (b). As a result, the Superior Court lacks jurisdiction to order Plaintiffs' late filing of the Tort Claims Notice as timely. The Court must dismiss this action for lack of subject matter jurisdiction for failure to exhaust the administrative remedies under the FTCA, pursuant to 28 U.S.C. § 2675(a).

An appropriate Order shall issue.

Dated: March 25, 2020.

s/ Joseph H. Rodriguez  
Hon. Joseph H. Rodriguez,  
UNITED STATES DISTRICT JUDGE